IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LAQUINTA DAWANDA SIMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-556-MJT |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S UNOPPOSED MOTION TO REVERSE AND REMAND

This is an action under 42 U.S.C. § 405(g) for judicial review of a decision of the Commissioner of the Social Security Administration (hereafter "Commissioner") denying an application for disability insurance benefits under Title II of the Social Security Act.

### I. Proceedings

The Plaintiff's Complaint was filed on November 8, 2021. (Doc. #1.) The Commissioner filed an Answer on March 18, 2022. (Doc. #12.) The Plaintiff filed a brief on June 17, 2022, arguing:

> 1. The Administrative Law Judge ("ALJ") failed to address Ms. Simon's documented medical need for a cane.
> 2. The ALJ failed to properly evaluate the opinion of James D. Burke, PT, DPT.
> 3. The ALJ failed to properly evaluate Ms. Simon's subjective symptom testimony.
> 4. The ALJ abused his discretion to not honor Ms. Simon's March 24, 2021 and March 30, 2021 requests to leave the record open an additional 30 days following the hearing for additional records.
> 5. The Agency failed to include the prior ALJ decision for Ms. Simon dated June 13, 2019 in the administrative record (Tr. 56). As such, Ms. Simon's counsel had no way to assess res judicata issues.

(Doc. #16.) On September 16, 2022, the Commissioner filed an "Unopposed Motion to Remand for further Administrative Proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g)." (Doc. #18.)

## II. The Commissioner's Motion

The Commissioner moves for reversal and remand under the fourth sentence of 42 U.S.C. §405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Commissioner requests that, upon remand, the administrative law judge should offer the plaintiff a new *de novo* administrative hearing.

The pending motion for sentence four reversal and remand was filed after the Commissioner's answer. After considering the pleadings, the court may order a sentence four remand in conjunction with a judgment affirming, modifying, or reversing the decision of the Commissioner. *See* 42 U.S.C. § 405(g). Therefore, a sentence four remand is appropriate at this stage of the proceedings. Furthermore, the motion is favorable to the Plaintiff, the Plaintiff is unopposed, and the Commissioner has shown good cause. Accordingly, the Defendant's motion to remand under sentence four should be granted.

## III. Recommendations

Defendant's "Unopposed Motion to Remand for further Administrative Proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g)" (doc. #18) should be granted. The Commissioner's decision should be reversed, and this action remanded for further administrative proceedings under 42 U.S.C. § 405(g), sentence four. The Administrative Law Judge should offer the Plaintiff a new *de novo* administrative hearing.

## IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 29th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

3