# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| LAQUINTA DAWANDA SIMON § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.  1:21-CV-556-MJT |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |
| § | |
| Defendant, § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.[1] Howard D. Olinsky, attorney, represents Laquinta Dawanda Simon in this social security appeal. This case was remanded to the Commissioner, which resulted in a favorable award of benefits. (Doc. #20.) Accordingly, Mr. Olinsky requests an award of $8,206.48 from his client's past-due disability benefits as attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. #27.) This amount represents a portion of the twenty-five percent of Simon's past-due disability benefits awarded to her and promised to counsel per a contingency fee agreement. (*Id.*) The Commissioner responded to Mr. Olinsky's request by stating that the requested fee is not objectionable but is deferring to the court for a finding of reasonableness. (Doc. #28.)

---

[1]General Order 05-06 refers civil proceedings involving appeals from decisions of the Commissioner of Social Security Administration to magistrate judges serving the divisions where the cases are filed. *See also* 28 U.S.C. § 636(b)(1)(B)(2009) and Loc. R. CV-72 for the Assignment of Duties to United States Magistrate Judges.

1

## I. DISCUSSION

When a Social Security claimant is awarded past due disability insurance benefits, 42 U.S.C. § 406(b) allows for an award of attorney's fees for time spent before a federal court out of those benefits, not to exceed 25% of the total amount of past due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). As held in *Gisbrecht*, the 25% statutory maximum represents a ceiling for fees, not an amount that is automatically considered reasonable. *Id.* at 807. "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* Thus, the burden is on the petitioning attorney to demonstrate the reasonableness of the requested fees to the reviewing court.

One element of the reasonableness analysis is a determination as to whether the requested fee represents an appropriate recovery for the requesting attorney. In *Gisbrecht*, the Supreme Court rejected the "lodestar" method of evaluating attorney fee petitions under 42 U.S.C. §406(b) and held that section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. However, the Supreme Court noted that, in testing a contingent-fee arrangement for reasonableness, the court may properly consider whether a requested fee is disproportionate to the time expended by counsel and would thus result in a windfall for the lawyer. *Id.* at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."). In *Jeter v. Astrue*, the Fifth Circuit held that courts considering a § 406(b) fee application may "include a lodestar calculation in its consideration of the fee—specifically, in instances where the court simultaneously relies on additional factors to support its determination that the contingency fee constitutes an unearned advantage to the attorney—such that the fee award may be considered a windfall." *Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010). Those additional factors include,

"risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Paul v. Colvin*, No. 3:12-CV-0130-G BH, 2014 WL 1724845, at *2 (N.D. Tex. Apr. 30, 2014) (citing *Brannen v. Barnhart,* No. l:99–CV–325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

A lodestar analysis of Mr. Olinsky's federal court time, considering the actual number of hours expended in federal court on Simon's behalf, results in an hourly rate of approximately $379.03 per hour for 20.2 attorney hours (there were also 5.5 paralegal hours billed). (Doc. #27.) Other courts have upheld such higher rates and have also warned against giving primacy to a lodestar analysis over the terms of the contingency fee agreement between a plaintiff and the claimant. *Sandel v. Comm'r Soc. Sec. Admin.*, No. 6:08-CV-443, 2011 WL 5156738, at *2-3 (E.D. Tex. Oct. 27, 2011) (citing *Gisbrecht,* 535 U.S. at 792; *Jeter,* 622 F.3d at 379); *Quezada v. Comm'r, Soc. Sec. Admin.*, No. 6:10-CV-00672, 2017 WL 3394512, at *3 (E.D. Tex. Aug. 8, 2017) (counsel awarded $36,708.75 at the rate of $750 per hour) (citing *Wilson*, 2017 WL 1968809, at *2 (finding $937.50 per hour acceptable), *Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1 (finding that an hourly rate of $1,245.55 was not *de facto* inappropriate, but analyzed all applicable factors and lowered the amount to $747.33 per hour), *Prude v. U.S. Com'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding an hourly fee of $937.50 acceptable)).

Given the risk associated with taking a case on a contingency basis, this attorney's qualifications, experience in social security law, and the quality of representation, the undersigned finds that the requested fee is reasonable for Mr. Olinsky. Clearly, Plaintiff intended to pay Mr. Olinsky 25% (the maximum allowed under § 406(b)) if he obtained past-due benefits as a result

3

of the representation, and there is no indication of any lack of quality in Mr. Olinsky's representation. In fact, the brief prepared and submitted to this court was detailed and raised several substantive issues, resulting in the Commissioner's concession and the court's reversal and remand for further consideration. Ultimately, the Commissioner awarded benefits including the past-due amount of $61, 625.90.

## II. RECOMMENDATION

Accordingly, it is recommended that the district court grant the Motion for Award of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. #27). Counsel Howard D. Olinsky should be awarded attorney's fees in the amount of $8,206.48. This is approximately 15% of Simon's past due benefits award. Upon receipt of payment, Mr. Olinsky should refund EAJA fees in the amount of $4,979.41 directly to the claimant. *See* 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186; *Gisbrecht*, 535 U.S. at 796 (requiring attorneys to refund to the claimant the amount of the smaller fee).

## III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 31st day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE